**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEVE ROBERT FOLEY,

Plaintiff,

v. Case No. 8:25-cv-1830-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

# OPINION AND ORDER[1]

## I. Status

Steve Robert Foley ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of spinal cord tumor resection surgery, osteoarthritis, and chronic back pain. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed September 10, 2025, at 65, 75, 218. Plaintiff protectively filed an application for DIB on February 13, 2023, alleging a

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

disability onset date of July 31, 2018.[2] Tr. at 169-75. The application was denied initially, Tr. at 65-73, 74, 90-93, and upon reconsideration, Tr. at 75-82, 83, 101-03.[3]

On October 3, 2024, an Administrative Law Judge ("ALJ") held a hearing,[4] during which he took testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 31-64. On October 10, 2024, the ALJ issued a Decision finding Plaintiff not disabled through June 30, 2024, the date Plaintiff was last insured for DIB (the "DLI"). See Tr. at 17-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 164-65 (request for review), 324-26 (brief). On May 20, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On July 15, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] The DIB application summary by the SSA is actually dated February 14, 2023 See Tr. at 169. The protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 13, 2023. See, e.g., Tr. at 65, 75.

[3] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] The hearing was held via telephone with Plaintiff's consent. Tr. at 33-34, 110, 321.

On appeal, Plaintiff argues: "Despite every medical opinion of record limiting him to light work, the ALJ failed to account for the 'total limiting effects' of Plaintiff's impairments and unreasonably found him capable of performing the arduous requirements of medium work – the only exertion level consistent with denying the claim, as SSA's rules direct a finding that he is 'disabled' at any lower exertion level." Plaintiff's Brief—Social Security (Doc. No. 13; "Pl.'s Br."), filed November 7, 2025, at 1 (emphasis omitted). On December 8, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem.") addressing Plaintiff's argument. Then, on December 18, 2025, Plaintiff's Reply Brief–Social Security (Doc. No. 15; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-24. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of July 31, 2018 through his [DLI] of June 30, 2024." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff through the DLI "had the following severe impairments: lumbar and thoracic degenerative joint disease and spinal cord tumor." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff through the DLI "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following RFC through the DLI:

> [Plaintiff could] perform medium work as defined in 20 CFR [§] 404.1567(c) except he was limited to climb ramps and stairs no more than frequently, never climb ladders, ropes, or scaffolds, balance frequently, stoop frequently, kneel frequently, crouch frequently, and crawl frequently. [Plaintiff] could never work at unprotected heights and never around moving mechanical parts.

Tr. at 21 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "has no past relevant work." Tr. at 23 (emphasis omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 23-24. After considering Plaintiff's age ("56 years of age on his alleged onset date of disability . . .[and] 61 years old [on the DLI]"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found Plaintiff through the DLI could have performed "jobs that existed in significant numbers in the national economy," Tr. at 23, such as "Floor Cleaner and Polisher," "Hospital Cleaner," "Industrial Cleaner," "Kitchen Helper," "Laundry Worker," and "Grocery Bagger," Tr. at 24. The ALJ concluded Plaintiff "was not under a disability . . . from July 31, 2018, the alleged onset date, through June 30, 2024, the [DLI]." Tr. at 24 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in finding him capable of medium work after failing to account for the total limiting effects of his impairments. Pl.'s Br. at 1, 4-15; Reply at 1-4. According to Plaintiff, every medical opinion limited him to light work or less. Pl.'s Br. at 7-9. Had the ALJ limited him to light work, argues Plaintiff, he would have been found disabled by application of the grid rules, 20 C.F.R. Part 404, Subpt. P, App'x 2, § 202.04. Pl.'s Br. at 9. Responding, Defendant contends the ALJ did not err in his assessment of the RFC because it is supported by substantial evidence, including Plaintiff's exercise regimen. Def.'s Mem. at 5-12.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using

other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[6] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required

[6] Plaintiff filed his application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[7]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination")

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

(citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Plaintiff challenges the ALJ's assessment of the state-agency non-examining opinions of Minal Krishnamurthy, M.D. and Moses Izuegbu, M.D., and the opinion of treating pain management specialist Stanley Mathew, M.D., who all opined Plaintiff can perform light work or less. See Pl.'s Br. at 7-8, 11-14[8]; see also Tr. at 65-73 (Dr. Krishnamurthy), 77-82 (Dr. Izuegbu), 1408-11 (Dr. Mathew). Addressing these opinions, the ALJ wrote:

> Dr. Krishnamurthy and Dr. Izuegbu opined [Plaintiff] can perform light work with exertional due to the spinal tumor and evidence of back pain, postural limitation due to the overall medical record, specifically the spinal tumor and removal surgery, and environmental limitations due to L4/5 laminectomy. The undersigned found these opinions unpersuasive because the evidence including [Plaintiff's] testimony support a medium exertion level with the above limitations instead of light exertion level. I note that [Plaintiff] testified at the hearing that he rides his bike multiple times per week (currently 2 to 3 times a week, 8 or 9 miles each time for about 45 to 60 minutes). He also does weight strengthening exercises with his arms (does 12 pull downs of 40 lb weights) and swims on occasion during the summer. [Plaintiff] further testified at the hearing that in 2022 he rode his bike on some days up 20 miles a day along with riding his bike on other days of the week too.
>
> . . .

[8] Plaintiff challenges the "State Agency administrative findings" but does not specifically name Drs. Krishnamurthy and Izuegbu. Pl.'s Br. at 7-8 (emphasis omitted).

> Dr. Mat[]hew opined [Plaintiff] was totally disable[d], could lift no more than 20 lbs., stand for 15 minutes at a time, and sit for 30 minutes at a time. The undersigned finds this opinion unpersuasive. Dr. Mat[]hew supports his opinion with his review of the record, and it is not fully consistent with the record because of [Plaintiff's] weight lifting, bike riding, and other physical training. I note that [Plaintiff] testified at the hearing that he rides his bike multiple times per week (currently 2 to 3 times a week, 8 or 9 miles each time for about 45 to 60 minutes). He also does weight strengthening exercises with his arms (does 12 pull downs of 40 lb weights) and swims on occasion during the summer. [Plaintiff] further testified at the hearing that in 2022 he rode his bike on some days up 20 miles a day along with riding his bike on other days of the week too.

Tr. at 22-23 (citations omitted).

The ALJ relied heavily on Plaintiff's stated exercise regimen, in addition to the rest of the evidence of record, in finding these opinions unpersuasive and ultimately finding Plaintiff has the capacity to perform medium work with additional restrictions. The ALJ's findings on the exercise regimen are supported by substantial evidence. <u>See</u> Tr. at 43-45 (Plaintiff testifying he rides his bike two to three times per week for forty-five minutes to an hour, does "lap pulldowns" with forty pounds on days he does not bike ride, and swims occasionally in the summer), 46 (Plaintiff testifying that in 2022 he was riding almost twenty miles per day, once per week, on his bike). Plaintiff's ability to regularly participate in these activities, in addition to the rest of the evidence of record, demonstrates he has the capacity to perform medium work with

additional restrictions. The ALJ did not commit reversible error in assessing the RFC.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 29, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record